## In re KORETZ.

## LEWY BROS. CO. v. CHICAGO TITLE & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. May 2, 1925. Rehearing Denied June 16, 1925.)

1. Bankruptcy ⏤140(1)—Jewelers held entitled to bracelets delivered to bankrupt subject to wife's approval, whether transaction was bailment or sale on approval.

Where bankrupt, who obtained two diamond bracelets from jewelers subject to wife's selection and approval, absconded and subsequently sent suit case containing bracelets in envelope with jeweler's name thereon to his brother-in-law, without any selection having been made by wife, jewelers were entitled to bracelets, whether transaction was bailment or sale on approval, since there was never selection or "approval," within Sales Act Ill. § 19, rule 3, par. 2, required to pass title to wife before bankruptcy proceedings were instituted.

2. Bankruptcy ⏤140(1)—Transaction whereby bankrupt obtained diamond bracelets held voidable for fraud, whether it was absolute sale or sale on approval.

Where bankrupt, who obtained two diamond bracelets from jewelers on representations that he desired to have his wife select one, absconded, held, that transaction, whether absolute sale or sale on approval, was voidable by jewelers for bankrupt's obvious fraud in negotiations leading to its consummation.

Appeal from the District Court of United States for the Eastern Division of the Northern District of Illinois.

6 F.(2d)—15

In the matter of Leo Koretz, bankrupt. Reclamation proceeding by the Lewy Bros. Company against the Chicago Title & Trust Company, trustee. Decree for trustee, and the Lewy Bros. Company appeal. Reversed, with directions.

Harry C. Levinson, Leo W. Hoffman, Theodore E. Rein, and Calmon R. Golder, all of Chicago, Ill., for appellant.

Bernard Nath, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Leo Koretz, the alleged bankrupt, was a resident of Chicago until December 1, 1923, when he absconded, leaving personal obligations of $2,000,000. A couple of days before his disappearance, he went to appellant's place of business, and asked to see some diamond bracelets. He selected two valuable ones to show to his wife, and stated that, if she selected one, he would return the other, and, if she did not like either, he would return both. Appellant entered the transaction upon its books as a "memo. charge."

Bankrupt did not show the bracelets to his wife, but went to New York, where he visited numerous jewelry stores and obtained possession of several pieces of jewelry, worth approximately $75,000. A few days thereafter a letter arrived in Chicago addressed to Milton Simon, a brother-in-law of bankrupt, which read: "I am inclosing check and key, and am sending suit case on the Broadway Limited. Please go to the station and get the suit case. Leo Koretz."

Mr. Simon was not at home, and the letter was turned over to his wife, a sister of Mrs. Koretz. A key and a baggage check were also in the envelope, and Mrs. Simon secured possession of the suit case which she took to Mrs. Koretz. The bag was not opened until the next day, when in the presence of the district attorney and others its contents were examined. In a smaller grip were several long white envelopes, each of them addressed to a jewelry concern. Upon one of these envelopes appeared the words, "Lewy Brothers, State and Adams Street, Chicago," and in it were the two diamond bracelets.

Appellant sought the property through these reclamation proceedings, while appellee, as the receiver and afterwards the trustee of the bankrupt estate, successfully resisted the application before both the referee and the District Court.

[1] One of two theories of bankrupt's

dealings with appellant must be adopted. Either the transaction was a sale, or possession of the bracelets passed to bankrupt as bailee. If bankrupt was a bailee, then, under the facts recited, appellant could recover its property. In re Wright-Dana Hardware Co., 211 F. 908, 128 C. C. A. 286. There is no merit in the contention that the property passed to a third party (his wife) before the bankruptcy proceedings were instituted. The evidence clearly refutes such a position. Bankrupt did not send the suit case to his wife. He sent it to a brother-in-law. The fact that the bracelets were in an envelope bearing the name and address of appellant would indicate that Koretz expected the brother-in-law to return the jewelry to appellant.

If we view the transaction between appellant and bankrupt as a sale on approval, then appellant is likewise entitled to a return of the goods, for bankrupt never made the selection or approval required to pass title. The evidence fails to show the "approval" necessary to bring the case within section 19, rule 3, paragraph 2, of the Illinois Sales Act (Smith-Hurd Rev. St. 1923, c. 121½).

[2] Finally, if the court should find the transaction between appellant and bankrupt to be a sale (either outright or upon approval), then it was voidable at appellant's option for the obvious fraud practiced by Koretz in the negotiations leading to its consummation.

The decree is reversed, with costs, and with directions to enter an order directing appellee to turn over to appellant the two bracelets in controversy.